IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL ONE ACQUISITIONS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1225 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

This mortgage-foreclosure case raises a discrete issue. Have more than four years passed since Bank of America accelerated its mortgage lien on the property at issue? If so, limitations has run, the Bank of America mortgage lien is unenforceable, and the current owner, Krystal One, is not subject to that lien. Krystal One has sought leave to amend its complaint and moved for summary judgment declaring that Bank of America's lien is unenforceable. Bank of America has opposed the motions and cross-moved for summary judgment that its mortgage lien is valid.

Based on the parties' motions, the record, and the applicable law, this court grants Krystal One's motion for leave to amend, denies Krystal One's motion for summary judgment, grants Bank of America's motion for summary judgment, and issues a final declaratory judgment that Bank of America has an enforceable mortgage lien on the property.

The reasons for these rulings are set out in detail below.

**II.      Background**

In June 2000, Fred V. Patterson and Cathy P. Patterson signed a Promissory Note for $102,653.00, payable to Countrywide Home Loans, Inc., and a Deed of Trust. The Deed of Trust

1

covered the purchase of a home in the Westglen Homeowners Association. The Pattersons defaulted on their payments to the Homeowners' Association, which placed a lien on the property that was subordinate to Bank of America's lien. When the Pattersons defaulted in their payments to the Homeowners' Association, it obtained a judgment and foreclosed in June 2015. Krystal One bought the house at that foreclosure sale. The issue is whether Krystal One's ownership interest is subject to Bank of America's senior lien, which depends on whether Bank of America's lien is enforceable.

Krystal One filed a petition and application for temporary restraining order in state court, alleging that Bank of America's lien was void because limitations barred its enforcement. In that original petition, Krystal One alleged that Bank of America had accelerated the debt and posted the property for a foreclosure sale in April 2016. Krystal One argued that the attempted 2016 foreclosure was time-barred because Bank of America had issued a notice of intent to accelerate and notice of acceleration in 2004 that had triggered the four-year limitations period. Krystal One argued that because Bank of America did not foreclose within four years from the 2004 notices, the 2016 and later efforts to foreclose were barred and the lien was unenforceable. (Docket Entry No. 1).

Bank of America timely removed and moved for summary judgment. (Docket Entry No. 4). In its motion, Bank of America submitted evidence that it had received payments and applied them to the Note after 2004, thereby abandoning or waiving the acceleration. Krystal One filed a response and its own cross-motion for summary judgment. (Docket Entries Nos. 6 and 7). In its cross-motion, Krystal One altered the factual basis for the relief that it sought, but not the underlying character of that relief. Krystal One submitted arguments and evidence that Bank of America had accelerated the debt in December 2011 and had not abandoned that acceleration. As a result, according to Krystal One, any effort by Bank of America to enforce its lien by foreclosing from

2

December 2015 onward were time-barred. Krystal One's key evidence was an October 2011 letter from Bank of America to the Pattersons giving notice of intent to accelerate. (Docket Entry No. 6-2 at 3).

Bank of America responded to Krystal One's motion for summary judgment. (Docket Entry No. 11). The arguments included that Krystal One's complaint did not allege any 2011 acceleration. (*Id.* at 6). In response, Krystal One moved for leave to amend its complaint. (Docket Entry No. 13). The proposed amended complaint alleged that Bank of America issued notices of intent to accelerate and of acceleration of the debt in December 2011, June 2012, and July 2012, that were not waived or abandoned. The proposed amended complaint alleged that any effort to enforce the Bank of America lien more than four years after the cause of action accrued—in December 2011—would be time-barred. The proposed amended complaint sought a declaratory judgment that Bank of America cannot enforce its mortgage lien, removing it as a senior interest to Krystal One's interest. Bank of America has opposed the motion for leave to amend. (Docket Entry No. 15).

## II.     The Applicable Legal Standards

### A.     Pleading Amendments

A party may amend its pleading once without seeking leave of court or the consent of the adverse party before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, the party may amend only "with the opposing party's written consent or the court's leave." *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party,

and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir.1996).

      **B.**    **Summary Judgment**

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid*

*Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

    **C. The Statute of Limitations for Enforcing a Real Property Lien Through Foreclosure: Acceleration and Waiver**

Under Texas law, a party must bring suit for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). If the noteholder's acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration. *Khan v. GBAK Properties, Inc.,* 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Clawson v. GMAC Mortg., LLC,* 2013 WL 1948128, at *2 (S.D.Tex. May 9, 2013) (Costa, J.). "[P]arties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." *Khan,* 371 S.W.3d at 356 (*citing San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (1901)); *see also Leonard*

*v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 679 (5th Cir.), *cert. denied sub nom. Leonard v. Ocwen Loan Servicing, L.L.C.*, 136 S. Ct. 554, 193 L. Ed. 2d 429 (2015).

A noteholder may waive or abandon a prior acceleration by a written extension agreement signed and acknowledged as if it were a deed and filed in the public records of the county where the real property is located.  TEX. CIV. PRAC & REM. CODE § 16.036.  If that occurs, "the acceleration is deemed rescinded and waived and the note . . . shall be governed by section 16.035 as if no acceleration had occurred."  TEX. CIV. PRAC. & REM. CODE § 16.038(a).  This is not the only way a noteholder can abandon or waive acceleration.  A noteholder can also waive or abandon acceleration by continuing to "accept payments without exacting any remedies available to it upon declared maturity."  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001); *quoted in Boren v. U.S. Nat. Bank Ass'n.*, 807 F.3d 99, 104 (5th Cir. 2015).

If Bank of America's cause of action for foreclosure of its lien accrued.  If it accrued in 2004, in December 2011, or in January 2012, then Bank of America lost its ability to enforce its lien because it did not seek to foreclose within four years.  If, however, the cause of action did not accrue at that time, Bank of America may enforce its lien.

Under Texas law, when, as here, the note or deed of trust the property secured contains an optional acceleration clause, the cause of action accrues when the "holder actually exercises its option to accelerate."  *Boren*, 807 F.3d at 104 (quoting *Wolf,* 44 Sl.W.3d at 566).  That requires both a notice of intent to accelerate and a notice of acceleration.  *Id.* at 106.  A notice of intent to accelerate if the borrowers fail to pay the total amount necessary to bring the loan current under its original terms "provide[s] . . . an opportunity to avoid foreclosure" by curing the arrearage.  *Id.*  The statute of limitations under § 16.035(a) stops running at that point and does not accrue until there is a subsequent default and the noteholder exercises its right to accelerate.  *Id*.

6

**IV.     Discussion**

Krystal One argues that the Pattersons' defaults beginning in June 2011 led to Bank of America's acceleration of the debt in December 2011. Unless Bank of America waived or abandoned this acceleration by, for example, entering into an executed agreement to abandon or by accepting payments and applying them to the Note after issuing the notice of acceleration, it was required to post the property for foreclosure within four years from that notice. Bank of America did post the property for Trustees' sales scheduled for June and July 2012, but no sales were conducted on those dates. And Bank of America did not sell the property at foreclosure. Instead, the Homeowner's Association foreclosed in June 2015, and Krystal One purchased the property at that time. The issue is whether Bank of America's lien remains valid and enforceable.

Krystal One argues that no summary judgment evidence shows that Bank of America reinstated the Note or otherwise waived the acceleration of the debt. The Pattersons vacated the property in 2012. Krystal One argues that because the uncontroverted evidence shows that Bank of America did not seek foreclosure for more than four years after it issued a notice of acceleration in December 2011, limitations bars enforcement of its lien.

Bank of America responds that Krystal One's petition alleged only the 2004 acceleration, which Bank of America abandoned when it accepted payments and applied them to the Pattersons' Note after 2004. As a result, according to Bank of America, Krystal One cannot assert the 2011 defaults and acceleration as the basis to invoke a limitations bar to enforcing the senior lien. (Docket Entry No. 11 at 6). The first issue is whether to allow the pleading amendment.

The facts that the proposed first amended complaint adds are well within the criteria for allowing amendment. Although the motion to amend was filed after the summary judgment motion, the added facts are also set out in the summary judgment briefing. The parties knew these facts, and

the proposed amendment is neither dilatory nor futile. There is no need for additional discovery and there is no prejudice or surprise to Bank of America. The motion for leave to amend is granted. This moots Bank of America's first objection to invoking the limitations bar to the validity of its lien.

Bank of America's better argument is that the summary judgment evidence does not show acceleration in December 2011 or after, but merely an intent to accelerate the Pattersons' loan if it was not made current and reinstated by December 11, 2011. (Docket Entry No. 11 at 7). After Bank of America argued in its motion for summary judgment that there was no evidence to show an acceleration in 2011, it was Krystal One's burden as the party asserting limitations to come forward with evidence demonstrating that acceleration had occurred. The only evidence that Krystal One provided on that point was the October 2011 letter from Bank of America. The letter states that "[i]f the default is not cured on or before December 5, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full[,] and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure of your property." (Docket Entry No. 7-1, Ex. C). This letter is a notice of intent to accelerate, not a notice of acceleration. Furthermore, the Pattersons made at least one payment after December 2011, in January 2012, which Bank of America applied to their Note, as reflected in Bank of America's payment history log. (Docket Entry No. 11-1, Ex. A-4 at 42).

Krystal One has not met its burden because the evidence it produced shows only that Bank of America sent a notice of intent to accelerate in October 2011, and not a notice of acceleration. And it appears that to the extent, or if, acceleration had occurred in December 2011, it was waived or abandoned when Bank of America applied a payment to the Pattersons' Note in January 2012.

Krystal One argues that under § 16.036 and § 16.038(a), the fact that Bank of America did

not record a renewal or extension agreement makes the prior maturity date "conclusive evidence of the maturity date of the debt." (Docket Entry No. 6 at 9, quoting *Woodside Assurance Co. v. N.K. Resources, Inc.*, 175 S.W.3d 421 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  But Krystal One fails to take into account the Texas statute and case law making clear that § 16.038(a) is not the "exclusive method for waiver and recission of acceleration."  This statute does not "affect the accrual of a cause of action and the running of the related limitations period under Section 16.035(e) on any subsequent maturity date, accelerated or otherwise, of the note . . . ." *Boren*, 807 F.3d at 106 (quoting TEX. CIV. PRAC. & REM. CODE § 16.038(e)).

Bank of America waived or abandoned the 2004 acceleration and did not accelerate the Note in December 2011, January 2012, or June 2012.  Bank of America did not trigger the running of the statute of limitations on those dates, and its mortgage lien remains valid and enforceable.

Krystal One's motion for summary judgment that it is entitled to a declaratory judgment that Bank of America's senior lien is void and enforceable is denied.  Bank of America's motion for summary judgment that it is entitled to enforce its lien and to have Krystal One's claim dismissed with prejudice is granted.  Final judgment is separately entered.

SIGNED on November 18, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge